UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-23552 -JB

MAHMOUD MOHAMED MAHMOUD
FAR ELSHABOURY,

          Petitioner,

v.

WARDEN of the KROME NORTH SPC, *et al.*,

          Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Mahmoud Mohamed Mahmoud Far Elshaboury's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in opposition to the Petition. ECF No. [6]. No reply has been filed and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

### I.    BACKGROUND

Petitioner is a citizen of Egypt and currently detained at the Krome Service Processing Center in Miami, Florida. ECF Nos. [1] at 2; [6] at 2. On May 11, 2026, the U.S. Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") which classifies Petitioner as an "arriving alien" and charges him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. [7-3].

1

On May 8, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner challenges Respondents' classification of him as an "arriving alien" and argues that in classifying him as such, Respondents have "den[ied] Petitioner access to a meaningful individualized custody review" in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.  *Id.* a 6, 10.  Petitioner also asserts that "[t]he denial of individualized custody review has resulted in detention that is no longer reasonably related to its purported civil immigration purposes."  *Id.* at 11.  Petitioner further asserts that "[b]y continuing to detain Petitioner without providing a meaningful individualized review of whether custody remains necessary, Respondents have exceeded lawful authority."  *Id.* at 11.  Petitioner requests that the Court "[d]eclare that Petitioner's continued immigration detention without a meaningful individualized custody determination violates the Due Process Clause of the Fifth Amendment," "[d]etermine that Petitioner is improperly classified as an 'arriving alien,'" and "[o]rder Respondents to release Petitioner from custody forthwith under reasonable conditions of supervision or on a reasonable individualized custody review set by this Court" or "in the alternative, order a prompt … individualized custody review hearing before a neutral decision-maker."  *Id.* at 12.

Respondents filed their Response to the Petition.  ECF No. [6].  Respondents argue that Petitioner is an arriving alien subject to detention under 8 U.S.C. § 1225(b)(2), noting that "DHS's discretionary parole of an alien 'shall not be regarded as an admission of the alien.'"  *Id.* at 2–4 (quoting 8 C.F.R. § 1.2).  Respondents also argue that Petitioner is ineligible for bond because he is subject to mandatory

detention under 8 U.S.C. § 1225(b)(2). *Id.* at 4–5. Lastly, Respondents argue that Petitioner's due process claims fail because he is detained pursuant to a valid statutory authority. *Id.* at 5–9.

## II.  ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq.* Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Section 1182(a)(7) provides that an individual who "at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . ." is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(7). As relevant here, an individual properly characterized "under section 1182(a)(6)(C) or 1182(a)(7)" by an immigration officer shall be removed from the United States "without further hearing or review unless the alien indicates either an intention to

apply for asylum under section 1158 of [the INA] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i).  Individuals detained pursuant to Section 1225(b)(1) are subject to mandatory detention without an opportunity for a bond hearing.  *See Rosabal Blanco v. Bondi*, No. 26-cv-00051, 2026 WL 2143696, at * 3 (M.D. Fla. Jan. 28, 2026) ("A noncitizen subject to expedited removal under § 1225(b)(1) is subject to mandatory detention); *Jennings*, 583 U.S. at 302 ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin.").

That is the situation here.  The NTA issued to Petitioner classified Petitioner as an "arriving alien" and charged him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the INA, which is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . ." ECF No. [7-3].  As such, Petitioner is properly detained without a bond hearing under § 1225(b)(1).

Even though Petitioner was initially paroled into the United States due to having a pending I-485 Application to Register Permanent Resident Status and Adjust Status (which was denied on March 26, 2026), ECF No. [7-2] at ¶ 9, the Court's conclusion remains the same.  *See Garcia v. United States*, No. 25-cv-1053, 2025 WL 3537592, at * 1 (M.D. Fla. Dec. 10, 2025) (finding that although petitioner spent time in the United States after being released on an order of recognizance and was later

re-apprehended, this did not change petitioner's initial classification as an "arriving alien" at the border).  "When the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" *Jennings*, 583 U.S. at 288.  Here, given that the "purpose of parole has been served," Petitioner is classified under the same legal status as when he first entered the United States.  *Id.* at 297.  Thus, Petitioner's initial release on parole "shall not be regarded as an admission of the alien" and did not change his initial status as an "arriving alien."  *Id.* at 288.  Accordingly, Petitioner is subject to mandatory detention under § 1225(b)(1) and is not entitled to a bond hearing.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner the Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of June, 2026.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE